Christian, J.,
delivered the opinion of the court.
This is an application to this court for writs of habeas corpus in two cases. The petitioners are, however, merely nominal parties.
The real controversy, (which is amicably conducted), is in fact between the Hon. "William I. Clopton on the one hand, and the Hon. 8. Bassett French on the other, each claiming to be judge of the corporation court of the city of Manchester.
*233 The sole question we have to determine arises upon the facts agreed filed with the record. And that ques-is, at what period under the facts agreed, and under the Constitution of the State, the term of office of the said William I. Clopton expires, and when the term of office of the said S. Bassett French commences.
The facts agreed are as follows: In the year 1874 on the 20th day of March the general assembly of Virginia incorporated the town of Manchester as a city. (See Session Acts 1874, p. 108,) and under the Constitution of the State, the city of Manchester having more than five thousand inhabitants, was entitled to a corporation court, and there was no corporation court in said city before that time. That on the 28th day of March, 1874, the said William I. Clopton was duly elected by the legislature, judge of said corporation court; that he was commissioned on the 30th day of March, 1874, and qualified on the 31st day of March, 1874, and has since that time been discharging the duties of his office as judge of said corporation court. That on the 23rd day of January, 1880, S. Bassett French was duly elected by the legislature judge of the corporation court, of the city of Manchester as the successor of William I. Clopton, was commissioned on the 31st day of January, 1880, and qualified on the 21st day of February, 1880.
Upon these facts agreed the sole question we have to determine is, when does the term of office of the Hon. William I. Clopton expire and when, does that of the Hon. S. Bassett French begin ?
The solution of this question depends upon the construction of the provisions of the Constitution applicable to the subject.
Section 14, Article VI. provides as follows: “For each city or town in the State, containing a population *234 .of five thousand, there shall be elected, on the joint vote of the two houses of the general assembly, one ■ city judge who shall hold a corporation or hustings court of said city, or town, as often, and as many days in each month, as prescribed by law, with similar jurisdiction which may be given by law to the circuit courts of this State, and who shall hold his office for a term of six years.”
Section 22 of the same article provides as follows: “All the judges shall be commissioned by the governor, and shall receive such salaries and allowances as may be determined by law, the amount of which shall not be diminished during their term of office. Their terms of office shall commence of the first day of January next following their appointment; and they shall discharge the duties of their respective offices from their first appointment and qualification under this Constitution until their terms begin.”
blow it must be conceded that the framers of the Constitution had the unquestioned right, not only to fix the terms of all officers elected under it, but also to declare at xohat time the terms of such offices should begin. This the Constitution has declared in respect to judges in plain and unequivocal terms, using this emphatic language: “ Their terms of office shall commence on the first day of Jahuary next following their appointment; and they shall discharge the duties of their respective offices from their first appointment and qualification under this Constitution until their terms begin.”
There can be no mistake or difference of opinion as to the construction of these plain words of the Constitution. Judge Clopton having been elected and qualified as judge of the corporation court of the city of Manchester in March, 1874, his term of office commenced, *235 by the express terms of the Constitution, on the first day of January next following his appointment, to-wit: on the first day of January, 1875 ; and his term of office-fixed by the Constitution being six years, it expires on the 31st day of December, 1880.
The period from March, 1874, to the 1st of January, 1875, is no part of his term of six years, but for that period, under the provision of the 22d section, he was required to discharge the duties of the office to which he was elected, until his term commenced, which did not commence until the first day of January, 1875, the period fixed by the Constitution as the commencement of his term.
This construction of the Constitution is in entire harmony with the case recently decided by this court in which the title to the office of judge of Henrico county, between Judge Waddill and Judge Minor, was determined.
In that case, in the opinion of the majority of the court then sitting (three judges), the question turned to a certain extent upon the construction of the words “ their first appointment and qualification under this Constitution.”' But in the case before us, no such question can arise; for, upon the facts agreed the Hon. William I. Clopton was in fact the first judge elected as judge of the corporation court of the city of Manchester under the Constitution, and the express terms of the 22d section apply to, and must govern, his case.
Hnder the plain provisions of that section it is clear that his term of office commenced on the first day of January, 1875, and will terminate on the 31st day of December, 1880, and not till then.
The result therefore of this opinion is that the petitioner, F. W. Fitzgerald, who was committed for contempt for refusing to obey the orders of the Hon. S. *236 Bassett French, must be discharged, and that the petition of Thomas H. Fisher (who was committed for contempt by order of the Hon. William I. Clopton) for a writ of habeas corpus be denied.
Fitzgerald discharged. The petition oe Fisher DENIED.